### HELEN FITZGERALD, ADMX.
*vs.*
### GEORGE MOSLOWITZ

Superior Court     New Haven County     File No. 58469

MEMORANDUM FILED NOVEMBER 8, 1940.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Watrous, Hewitt, Gumbart & Corbin,* of New Haven, for the Defendant.

MUNGER, J. The defendant moves to set the verdict aside on three grounds:

1. That the court failed to charge the jury as requested in paragraph one of the defendant's requests to charge.

2. That the court failed to charge as requested in paragraph two of the defendant's request to charge.

3. That the damages were excessive.

The court believes that it has no power to disturb the verdict on any of the grounds of error alleged. So far as the requests to charge made by the defendant in paragraph one are concerned, it is sufficient to say that the situation presented was not one in which the court could charge the jury that contributory negligence of the intestate had been shown as a matter of law. That is the substance of the requests to charge. It seems clear that it was a question of fact for the jury.

The court did charge substantially as requested by the defendant in paragraph two of its requests to charge. As to this request the court charged as follows: "Let me say, in closing, ladies and gentlemen of the jury, I find that the defendant has perhaps suggested something in one of his requests to charge,—that so far as Mr. Farrell was concerned, in crossing this highway, he was bound, as I said to you perhaps more than once, to act as a man of ordinary prudence acting with reasonable care would act, for his own safety. Reasonable care is always care proportioned to the danger, and it is true that a pedestrian who crosses the highway at a place other than a crosswalk may fairly be held to appreciate the fact that the driver of an automobile on the street is not held to quite so high a degree of care of anticipating the possible presence of pedestrians at that place as he is at a regular crosswalk. I think that makes it plain, in the way I want to have it."

So far as the claim of excessive damages or the charge on the measure of damages is concerned, it was not necessary to call the attention of the jury to every portion of the evidence in detail which was received upon this question. I do not think the court was obliged to specifically mention the fact that the evidence showed the deceased was receiving an old age pension. There was evidence that he was not being supported by his relatives and that he was working from time to time as a farm hand. The charge was one in form which is very commonly made. It is impossible for me to perceive how the jury could have failed to understand that the measure of damages was the pecuniary loss to the estate, the economic value of the life of the deceased to his estate.

I cannot see that there is sufficient ground for depriving the plaintiff of her verdict.